## In Equity.

HORACE A. STONE, Trustee, *vs.* CARA A. MCLAIN, et als.

Penobscot.    Opinion December 1, 1906.

*Wills.    Construction.    Trust.    Termination of trust.    "Family."*

The fourth clause of the will of Mary J. Stewart is as follows : "All the rest and remainder of my estate of every kind real and personal I give and devise to said Gertrude, Martha and Cara, wives of my sons Charles, Edward and Rowland, and to my son Harry D. Stewart, equally share and share alike, and I wish that the indebtedness of Thos. J. Stewart & Co. shall be deducted from the shares and property so given and devised to the said wives of my sons Charles, Edward and Rowland, and that the property so as above given to said three wives of my three sons be for the education of their children and the support of their families respectively— and I enjoin them to so use and expend it." Since the death of the testatrix, Rowland has deceased leaving no children, and the wife Cara has married.

*Held :* that she is no longer a member of the family of Rowland ; that by said clause she took the entire beneficial interest in the estate devised to her subject to a particular and temporary charge ; that the purposes of the trust created upon said estate have been accomplished and the trust thereby terminated ; and that said estate should be paid and turned over to her.

See *Clifford* v. *Stewart,* 95 Maine, 38.

In equity.    On report.    Decree according to opinion.

Bill in equity brought by the plaintiff as trustee under the last will and testament of Mary M. Stewart, late of Bangor, deceased, asking the court to determine whether or not a certain trust created under the last will and testament of said deceased had been terminated, and if so to determine to whom the property held by the plaintiff as trustee under said last will and testament should be paid and turned over.

The facts are stated in the bill which, omitting formal parts, is as follows :

"Horace A. Stone of Bangor in said Penobscot County, a Trustee under the will of Mary M. Stewart, as hereinafter set forth, com-

plains against Cara A. McLain of Cannon City in Fremont County, State of Colorado, and against Milton S. Clifford of said Bangor, Administrator with the will annexed of Mary M. Stewart late of said Bangor, deceased, and against Arthur Chapin of said Bangor, Administrator of the estate of Rowland W. Stewart, late of said Bangor deceased, and against Charles M. Stewart, Gertrude H. Stewart and Harry D. Stewart all of said Bangor and against Edward L. Stewart and Martha J. Stewart, both of Sault Ste Marie in the Province of Ontario in the Dominion of Canada, and says:

"First.  Mary M. Stewart, formerly of said Bangor, died on the fourteenth day of August, A. D. 1899, and left a last will and testament, which was duly approved and allowed by the Probate Court of said Penobscot County at the December Term of said Court, A. D. 1899, and said Milton S. Clifford was duly appointed and qualified as Administrator with said will annexed of said Mary M. Stewart.  A copy of said will is attached, marked "Exhibit A," and made a part of this bill as though fully recited at length herein.

"Second.  By the fourth paragraph of said will the testatrix, said Mary M. Stewart, made bequests in the following terms, viz: 'IV.  All the rest and remainder of my estate of every kind real and personal I give and devise to said Gertrude, Martha and Cara, wives of my sons Charles, Edward and Rowland and to my son Harry D. Stewart equally, share and share alike, and I wish that the indebtedness of Thos. J. Stewart & Co. shall be deducted from the shares and property so given and devised to the said wives of my sons, Charles, Edward and Rowland, and that the property so as above given to said three wives of my three sons be for the education of their children and the support of their families respectively—and I enjoin upon them so to use and expend it.'

"Third.  The defendants, Charles M. Stewart, Edward L. Stewart and Harry D. Stewart, together with Rowland W. Stewart (then alive but since deceased) were the only children and heirs at law of said Mary M. Stewart, and all said children survived her; the defendant Cara A. McLain was at the date of the death of Mary M. Stewart the wife of Rowland W. Stewart, and Gertrude H. Stewart

was then and still is the wife of Charles M. Stewart and Martha J. Stewart was then and still is the wife of Edward L. Stewart;

"Fourth. As to the property bequeathed to said Cara, wife of Rowland W. Stewart, by the fourth paragraph of the aforesaid will the testatrix, said Mary M. Stewart, created a trust, and said Cara having failed to qualify as Trustee upon due proceedings had at the September Term of the Probate Court for said Penobscot County A. D. 1901 said Rowland W. Stewart was appointed and thereupon qualified as Trustee to administer said trust, and received the trust funds and administered them till his death, but no part of the principal or interest of said fund was paid out to or for any cestui que trust.

"Fifth. Said Rowland W. Stewart died the twenty-ninth day of September, A. D. 1904, and upon due proceedings had your complainant, Horace A. Stone, was appointed Trustee in the place of said Rowland W. Stewart at the April Term of said Probate Court A. D. 1905, and has qualified as said Trustee, and received the trust funds, and is now such Trustee.

"Sixth. At the December Term of said Probate Court A. D. 1904 said Arthur Chapin was appointed Administrator of the estate of said Rowland W. Stewart, and has qualified as such and is now such Administrator;

"Seventh. For more than three years next previous to the death of said Rowland W. Stewart said Rowland W. Stewart and said Cara did not live together as husband and wife, and since the death of said Rowland W. said Cara A. has married and her name is now Cara A. McLain; no children were ever born to said Rowland W. Stewart and his wife Cara, and the defendants Charles M. Stewart, Edward L. Stewart and Harry D. Stewart are the sole heirs of said Rowland W. Stewart;

"Eighth. All the property in the hands of the trustee is personal property, and aggregates about eleven thousand dollars. ($11,000)

"Wherefore your complainant prays this Honorable Court to determine and decree,

"1.   If said trust has been terminated and if the Court shall so decree then to determine and decree to whom the property held by your complainant as Trustee as aforesaid shall be paid and turned over.

"2.   If the said trust has not been terminated then to determine and decree to whom he shall pay and turn over the trust property in his hands and how much thereof, principal and income, and at what times.

"That the complainant may have such other and further relief as the nature of the case may require."

The defendants in their answers admitted the allegations of fact in the bill to be true and joined in the prayer of the bill.

The will of the said Mary M. Stewart which is dated July 8, 1899, and was by her duly executed, is as follows:

"I, Mary M. Stewart, of Bangor, Maine, do make this my last will.

"I.   I give to my grandchildren one thousand $1,000 to each one and I wish and direct that this shall be devoted and expended for their education.

"II.   I give to each of my sons one hundred dollars, to each ($100.)

"III.   I give to Gertrude H. Stewart, wife of Charles my son, to Martha J. Stewart, wife of Edward my son, to Georgia Stewart, wife of Harry, my son, and Cara A. wife of Rowland, my son—being the wives of my four sons, all the furniture, plate, books, in my homestead equally, share and share alike except certain pieces and articles a memorandum of which to be made by me or under my direction which I wish given to the persons named in said memorandum and I enjoin and request my sons and their wives to deliver the articles to the persons as named in said memorandum, which I will have made by Mrs. Eva Parker.

"IV.   All the rest and remainder of my estate of every kind real and personal I give and devise to said Gertrude, Martha and Cara wives of my sons, Charles, Edward and Rowland and to my son Harry D. Stewart equally, share and share alike, and I wish that

the indebtedness of Thos. J. Stewart & Co. shall be deducted from the shares and property so given and devised to the said wives of my sons, Charles, Edward and Rowland, and that the property so as above given to said three wives of my three sons be for the education of their children and the support of their families respectively — and I enjoin upon them so to use and expend it.

"I hope that. my sons and their wives shall in the settlement of my estate and the division of the property given them act harmoniously and without dissension or dispute.

"I appoint my four sons Edward, Charles, Rowland and Harry and Charles P. Stetson executors under this will and it is my wish that they should not be required to give bonds."

Hearing on the matter was had before the Justice of the first instance at the February Rules, 1906, where it was agreed that the cause should be reported to the Law Court "upon bill and answers . for determination thereof."

*F. H. Appleton and Hugh R. Chaplin*, for plaintiff.

*E. C. Ryder*, for defendants Cara A. McLain and Arthur Chapin. *Milton S. Clifford, pro se.*

*Terrence B. Towle and Matthew Laughlin*, for defendants Charles M. Stewart, Edward D. Stewart, Gertrude H. Stewart and Martha J. Stewart.

SITTING: WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J.  Bill in equity to construe the following clause of the will of Mary J. Stewart.

"IV.  All the rest and remainder of my estate of every kind real and personal I give and devise to said Gertrude, Martha and Cara, wives of my sons Charles, Edward and Rowland, and to my son Harry D. Stewart, equally share and share alike, and I wish that the indebtedness of Thos. J. Stewart & Co., shall be deducted from the shares and property so given and devised to the said wives of my sons Charles, Edward and Rowland, and that the property so as above given to said three wives of my three sons be for the educa-

tion of their children and the support of their families, respectively—— and I enjoin upon them so to use and expend it."

This clause was before the court for construction in *Clifford* v. *Stewart*, 95 Maine, 38, and it was there held "that the testatrix intended to create a trust upon the estate bequeathed to the wives to the extent of securing the education of her sons' children and the support of their families." The court however, at that time declined to declare what persons had any interest under this clause of the will and the extent, amount and nature of such interest. Since then Rowland has deceased leaving no children, and his wife, the defendant Cara A. McLain, has remarried. She never qualified as trustee, but her husband Rowland was appointed by the Probate Court to administer said trust, and since his decease the plaintiff Stone was appointed and qualified as trustee in his place. The trust fund in the hands of the trustee amounts to about eleven thousand dollars in personal property. No part of the fund has been paid out to or for any cestui que trust.

This court is asked to determine:

1. If said trust has been terminated, and if this court shall so decree, then to determine and decree to whom the property held by said trustee shall be paid and turned over.

2. If the said trust has not been terminated then to determine and decree to whom he shall pay and turn over the trust property in his hands and how much thereof, principal and income and at what times.

At the date of the will, the three sons, Charles, Edward and Rowland, constituting the firm of Thomas J. Stewart & Sons, were indebted to the creditors of the firm in a sum exceeding its assets in addition to some ten thousand dollars owed by them to the testatrix. What she desired was the education of the children, the support of the families of the sons, to save the legacies from their creditors and that the residue of the estate should be divided equally and fairly among all her sons. To the son who was solvent she gave one fourth, and to the wives of the other three sons she gave each one fourth charged with a trust to the extent of securing the education of the

children of the three sons and the support of their families. Thus much appears and is settled in the case above cited.

We find nothing in the will or in the surrounding circumstances to show that the testatrix used the word family in any other than its common, ordinary sense, of those who live under the same roof and form the fireside of the father or head of the family. At the date of the will the family of Rowland consisted of his wife and himself. After his death and the remarriage of his wife, his family as a family, ceased to exist. The trust was for the education of the children and for the support of the individuals composing the respective families named, so long as they remained members thereof. The testatrix in the case of the children could not have intended that they should not only have been educated and supported while members of the family but should also be supported from the trust fund during their entire lives, even after they had married, become the heads of their own families, living apart and no longer constituting a part of the families of her sons. Yet such would be the result in case the support provided was for the individuals who at one time composed the family without regard to whether they continued to remain members of it. In the case of Cara, the wife of Rowland, having become by her marriage a member of the family of Mr. McLain, she can no longer be held to be a member of Rowland's family entitled to support out of the trust fund. In the closely analogous case of *Bradlee* v. *Andrews*, 137 Mass. 50, a trust was created for the support, maintenance and comfort of the testator's son and three daughters and their families. It is there said : "The word 'family' as used by the testator, would include his son and daughters, together with their respective children so long as they should live together and form a portion of the same household, or from their tender years be entitled to be treated as its members. It would also include the wife of the son, if she continued to reside with, or be entitled to support from, him."

The purposes of the trust created upon the estate given to Cara having been accomplished, the trust itself is thereby terminated, and the only question remaining is to whom shall the trustee turn over the property. The answer depends upon whether the property was

given to Cara for a particular purpose with no intent that she should take any beneficial interest, or whether the intention was to give her a valuable interest, subject to a particular and temporary charge. It is claimed for Cara that she took the entire beneficial interest, and by the other defendants that she took no beneficial interest and that, the trust declared having terminated, there is a resulting trust in favor of the heirs at law of the testatrix. The intention of the testatrix must govern. We have already seen that the testatrix had in mind certain things, that her sons should share equally in the benefits of her estate and that in the cases of Charles, Edward and Rowland, their shares should not be subjected to the claims of their creditors. She could not accomplish both these purposes by giving the property directly to these three sons; she therefore gave it to their wives subject to a trust for the education of their children and the support of their families. If the share so given to Cara is to be regarded as intestate property a large portion might be subjected to the claims of the creditors of Charles, Edward and Rowland, contrary to the testatrix's intention. The testatrix divided the residuum of her property into four equal shares. The entire interest in one of these shares was given to her son Harry D. Stewart and we cannot escape the conviction that it was the intention of the testatrix to give to each of the wives of the other three sons the entire interest in one of these shares subject to the trust imposed upon it for the benefit of the children and family of her husband. As is said in *Stewart* v. *Clifford;* "No reason is shown why she wished to discriminate in favor of one and against the other three, and the will strongly shows that she did not." A construction which gives a beneficial interest to the wives is more in harmony with her intention to make equal division of the benefits among the sons. The legatees were daughters in law, and the relation in which they stood to the testatrix is of some weight in determining whether it was intended that they should take a beneficial interest. In the fourth clause of the will the wives of the sons take the property by the same words in which the entire interest in the share of Harry D. Stewart is given to him, and then after providing that the indebtedness of each son to the testatrix is to be deducted from the shares "so given and devised

to the wives of my said sons," the trust is created upon those shares. Immediately after clause IV of the will, she again says that she hopes that her sons and their wives in the settlement of her estate "and the division of the property given them" will act in harmony and without dispute or dissention.

Our conclusion is that it was the intention of the testatrix that the wives of her sons Charles, Edward and Rowland should take the entire beneficial interest in the shares of the residuum given and devised to each of them severally, subject to the trust created upon it, and that the property held by the plaintiff as trustee should be paid and turned over to Cara A. McLain.

*Decree accordingly.*